**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MARK CHRISTOPHER TRACY, d/b/a/ Emigration Canyon Home Owners Association,<br><br>Plaintiff,<br>v.<br><br>SIMPLIFI ET AL.,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:21-cv-0444-RJS-CMR<br><br>District Judge Robert J. Shelby<br>Magistrate Judge Cecilia M. Romero |

Before the court is (1) Defendants' Simplifi Company, Jennifer Hawkes, Eric Hawkes, and Jeremy R. Cook's (collectively Simplifi or Simplifi Defendants) Motion to Dismiss (ECF 6) and Defendant David M. Bennion's (Bennion) Motion to Dismiss (ECF 7) (collectively Motions) referred to the undersigned pursuant to 28 U.S.C. § 636 (b)(1)(B) (ECF 5). Pursuant to Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes that oral argument is not necessary and will determine the pending Motions based on the written memoranda. For the reasons discussed herein, the court recommends the Motions be granted.

## I. BACKGROUND

The Complaint indicates the suit is brought by "Mark Christopher Tracy" (Mr. Tracy) "d/b/a Emigration Canyon Home Owners Association" also referred to throughout the Complaint as "ECHO-Association" (collectively Plaintiff) (ECF 1). ECHO-Association alleges it was assigned "legal right and title to Civil Rights Act Claims" by a canyon property owner, Karen Penski (ECF 1 at 2). As alleged in Plaintiff's Complaint, the Emigration Improvement District (EID) is a special service water district created in 1968 by Salt Lake County (ECF 1 at 3). EID

was created to provide water and sewer services to the residents of Emigration Canyon, a township in Salt Lake County, Utah (ECF 1 at 2). EID contracts with Defendant Eric Hawkes' account services provider and Simplifi, to perform management and accounting services for EID (ECF 1 at 2). Defendant Jeremy R. Cook is legal counsel for EID (*Id*.). Defendant Jennifer Hawkes is alleged to be an officer or director of Simplifi (*Id*.). According to Plaintiff's Complaint, Defendant David Bennion has no direct interest in EID or Simplifi (ECF 1 at 3).

Plaintiff filed its Complaint against Defendants on behalf of Emigration Canyon resident Karen Penske (Penske) alleging violations of 42 U.S.C. §§ 1983 and 1985 (ECF 1). Specifically, Plaintiff alleges that EID began wrongfully imposing/collecting a "fire-hydrant rental fee" from Emigration Canyon residents and wrongfully demanded payment for past dues from Penske (ECF 1 at 9). EID however is not a named defendant in this action. The Complaint seeks damages for each payment Penske has made to EID including "any past and future lien placed on Penske's' property by Defendants," punitive damages, and an award to Mr. Tracy for legal fees and costs (ECF 1 at 11).

Defendants seeks dismissal of Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (ECF 6). Specifically, Simplifi Defendants argue Plaintiff lacks standing to assign a claim under 42 U.S.C. §§ 1983 or 1985 and that Plaintiff has failed to state a claim for which relief can be granted (ECF 6). Simplifi Defendants also seek an award of attorney fees and costs in accordance with 42 U.S.C. § 1988, a finding that Mr. Tracy is a vexatious litigant and subject to pre-filing restrictions and asks the court to issue an order to show cause requiring Mr. Tracy to establish his factual basis for the allegations in the Verified Complaint. Defendant Bennion incorporates by reference Simplifi's grounds for dismissal and,

in addition, argues Plaintiff's claim should be dismissed as untimely (ECF 7).[1] In its Memorandum in Opposition to Defendants' Motions to Dismiss (Opposition) (ECF 8), Plaintiff asserts Mr. Tracy has legal standing to assert assigned and his own civil rights claims, that the instant action accrued within the statute of limitation period, and that Mr. Tracy has sufficiently plead a section 1985 claim (ECF 8).

Upon review of the Motions, Plaintiff's Opposition, and Defendants' respective reply memoranda in support of the Motions (ECF 9, 10), the undersigned finds Defendants' arguments for dismissal based on lack of jurisdiction pursuant to Rule 12(b)(1) dispositive. Accordingly, the court will only address this dispositive issue.

## II. LEGAL STANDARDS

As an initial matter, because Plaintiff is proceeding *pro se*, the court construes its pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not the court's function to assume the role of advocate on behalf of pro se litigants. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997). The court reviews the pleadings in light of these standards.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to raise the defense that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). The Tenth Circuit has held that motions to dismiss for lack of subject matter jurisdiction take two forms, facial and factual. *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). A facial attack on

[1] For ease of reference, the court will refer to Bennion and the Simplifi Defendants generally as Defendants when addressing their arguments collectively.

the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. *Id*. (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing a facial attack on the complaint, the court must accept the allegations in the complaint as true. *Id*. Defendants' Motions constitute a facial challenge.

In evaluating a motion under Rule 12(b)(1), the court is charged with evaluating the allegations of fact as alleged in the complaint to determine whether it has jurisdiction over the matter, without regard to conclusory allegations of jurisdiction. *Montanez v. Future Vision Brain Bank, LLC*, 536 F. Supp. 3d 828, 832 (D. Colo. 2021). Plaintiff bears the burden of establishing subject matter jurisdiction. *Id*. A dismissal pursuant to Rule 12(b)(1) is "not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter." *Id*. If a party lacks standing to bring a particular legal challenge, the court lacks jurisdiction to resolve the claim's merits. *Yeager v. Fort Knox Sec. Prod.*, 672 F. App'x 826, 829 (10th Cir. 2016).

## III. DISCUSSION

### A. Plaintiff lacks standing.

The federal constitutional standing requirements of Article III of the United States Constitution requires a plaintiff seeking judicial relief to establish: "(1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *United Food & Commercial Workers Union Local 751 v. Brown Grp.*, Inc., 517 U.S. 544, 551 (1996). The injury-in-fact requirement ensures that the plaintiff has a personal stake in the outcome of the controversy. *Susan B. Anthony v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted).

The question of standing focuses on the party filing the complaint rather than the issue asserted, and focuses on whether the party alleges "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends. . . ." *Baker v. Carr*, 369 U.S. 186, 204 (1962). A plaintiff is generally required to assert his own legal rights and interests, and not those of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). However, an assignee may satisfy the case and controversy requirement through a valid assignment. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008) (finding lawsuits by assignees, with legal title to bring suit, are "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process"). Notwithstanding, claims under Sections 42 U.S.C. §§ 1983 and 1985 are not assignable.

*1. Section 1983 claims are not assignable in Utah*.

42 U.S.C. § 1983 was designed to provide means of redress for individuals to deter state actors from depriving them of their federal civil rights. *Richardson v. McKnight*, 521 U.S. 399, 403 (1997). Section 1983 claims cannot be assigned under Utah law, which law is applied to actions in this Court. *See American Charities for Reasonable Fundraising Regulation, Inc. v. O'Bannon*, No. 2:08-cv-875-RJS, 2016 WL 4775527, at *6 (D. Utah Sept. 13, 2016) (unpublished) (because section 1983 provides no direct guidance on whether an individual may transfer right to sue under the provision, court considered application of state law in determining section 1983 claims are best characterized as tort claims and not assignable under Utah law).[2]

[2] In his Opposition, Plaintiff challenges the validity of the *American Charities* case based on the Tenth Circuit's subsequent opinion dismissing the appeal as moot and instructing the district court to vacate its judgment and dismiss the case. *See American Charities for Reasonable Fundraising Regulation, Inc. v. O'Bannon*, 909 F.3d 329 (10th Cir. 2019) (ECF 8 at 4). However, the Tenth Circuit has not overruled or overturned the relevant analysis applied by the court, rather, it evaluated a change in Utah law regarding the underlying dispute in *American Charites* rendered the appeal moot which warranted dismissal of the matter.

The purpose of these civil rights claims is to ensure that individuals whose rights are abridged may recover damages or secure injunctive relief. *Id*. Those goals are not met when claims are assigned to disinterested third parties. *Id*.

The allegations in the Complaint center on EID's collection of fees and speculative enforcement actions against residents of Emigration Canyon, specifically Penske —not Plaintiff. While Plaintiff's Complaint alleges that Penske assigned present and future civil rights claims to Plaintiff (ECF 1 at ¶ 46), Plaintiff has no personal stake in this case. The law does not recognize Penske's assigning her section 1983 civil rights claims to Plaintiff, a disinterested third-party. Plaintiff therefore has no standing to assert Penske's Section 1983 claims against Defendants. Plaintiff has not presented any valid legal authority to the contrary.

Plaintiff cites to *Wilson v. Garcia*, 471 U.S. 261 (1985), arguing the claims at issue are properly characterized as property claims as opposed to a tort claim. Nothing in *Wilson* supports this position. The court in *Wilson* approved of characterizing a Section 1983 claim as a personal injury tort action. 471 U.S. at 280 (holding that § 1983 claims are best characterized as personal injury actions).

*<u>2. Section 1985 claims are not assignable in Utah</u>*

42 U.S.C. § 1985 provides a civil remedy for conspiracies to interfere with constitutionally or federally protected rights when motivated by a discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). In *American Charities v. O'Bannon*, the court likened 1983 claims to personal injury tort actions in finding section 1983 claims are not assignable under Utah Law. 2016 WL 4775527, at *6. The Tenth Circuit, looking to state law where the federal civil rights law does not provide the rules of decision, has also characterized Section 1983 and 1981 claims as personal injury actions. *See Baker v. Bd. Of Regents of State of*

*Kan.*, 991 F.2d 628, 630 (10th Cir. 1993). Following this line of reasoning, courts in this district have held claims made pursuant to 42 U.S.C. § 1985 are similar to civil rights actions under Sections 1983 and 1981 in that they are analogous to a personal injury action. *See Desai v. Garfield Cty. Gov't*, No. 2:17-cv-00024-JNP-EJF, 2018 WL 1627205, at *3 (D. Utah Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1626521 (D. Utah Mar. 30, 2018) (applying Utah's statute of limitations for personal injury actions to plaintiff's section 1981, 1983, and 1985 claims). Tort claims arising out of personal injury are not assignable under Utah law. *Gilbert v. DHC Dev., LLC*, 2013 WL 4881492, at *11 (D. Utah Sept. 12, 2013). Therefore, Plaintiff lacks standing as Penske could not assign her tort claim under section 1985 to Plaintiff, a disinterested third-party.

In its Opposition, Plaintiff asserts "[a]ssignment of claims for willful damage to private property under the color of state law are lawful, and Mr. Tracy has timely filed and sufficiently pled the requirements of an unlawful conspiracy of private persons under 42 U.S.C. § 1985(3)" citing to *Griffin v. Breckenridge* (ECF 8 at 3). Nothing in the Supreme Court's decision in *Griffin v Breckenridge*, 403 U.S. 88, stands for the proposition that section 1985 claims are assignable, and the court is not persuaded by Plaintiff's argument to find otherwise.

Because Penske could not legally assign her civil rights claims to Plaintiff, Plaintiff has failed to demonstrate a personal stake in the outcome of the controversy as required to establish standing. Thus, the court lacks jurisdiction to resolve the merits of the claim and must dismiss the Complaint.

**B. Amendment would be futile.**

In the Opposition, Plaintiff requests the court deny Defendants' Motions, or "in the alternative grant leave to file amendment to incorporate additional factual information" and

argues the court should grant Mr. Tracy "leave to assert impairment of his own constitutionally protected property right" (ECF 8).[3] While the preferred practice is to afford a *pro se* plaintiff notice and an opportunity to be amend the complaint, a court may dismiss a case when it is "'obvious that the plaintiff cannot prevail on the fact he has alleged and it would be futile to give him an opportunity to amend.'" *Curley v. Perry*, 246 F.3d 1278, 1281 (10thCir. 2001)(internal citations omitted). Here it is clear Mr. Tracy could not prevail based on the facts alleged. The court therefore finds it would be futile to allow him an opportunity to amend.

Mr. Tracy, neither on behalf of himself nor ECHO-Association, offers anything to support he may have claims of his own. Moreover, the Complaint itself is devoid of any supporting facts to suggest Mr. Tracy has standing to assert his own claim against the Defendants. Rather, the Complaint makes it clear that only ECHO-Association was "assigned legal right and title to Civil Rights Act claims" (ECF 1 at 2).

Additionally, taking the allegation at face value, Mr. Tracy cannot represent ECHO-Association. *See* Local Rule 83-1.3(c) (any corporation, association, partnership, or any other artificial entity must be represented by an attorney who is admitted to practice in this court). Mr. Tracy is not licensed to practice in the state of Utah and is proceeding without the assistance of an attorney who is admitted to practice in this court. ECHO, as an association or other fictional entity, must be represented by counsel admitted to practice in this court. Thus, the undersigned recommends dismissing the Complaint with prejudice.

[3] Though the court need not consider any relief sought in a response or opposition, in liberally construing Plaintiff's pleadings, the court considered Plaintiff's request. *See* DUCivR 7-1(b) (motions are not to be made in response or reply memorandum).

**C. The court declines to impose any sanctions.**

Defendants seek an award of attorney fees and costs against Mr. Tracy in accordance with 42 U.S.C. § 1988 (ECF 6 and 7). Simplifi also requests a finding that Mr. Tracy is a vexatious litigant and a show cause hearing to address Mr. Tracy's factual basis for the allegations in the Verified Complaint (ECF 6). The court declines these requests at present.

Rarely will a case be sufficiently frivolous to justify imposing attorneys' fees on the plaintiff. *Thorpe v. Ancell*, 367 F. App'x 914, 924 (10th Cir. 2010) (quoting *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir.1995) (only in "rare circumstances" will "a suit [be] truly frivolous so as to warrant an award of attorneys' fees to the defendant")). The purpose of an award of fees in a §1983 case is not merely to provide some compensation to the defendants for costs incurred in defending a suit but to deter a plaintiff from filing patently frivolous and groundless suits. *Thorpe v. Ancell*, 367 F. App'x at 920. While there is not a legal basis for Plaintiff's claim, the court is not able to find fees are justified here.

With respect to the request to label Mr. Tracy as a vexatious litigant, the court takes judicial notice of the six additional lawsuits Mr. Tracy has filed against Simplifi and/or people or entities associated with the Simplifi Defendants,[4] including the District of Utah case in which Mr. Tracy sued EID, among others, and Judge Parrish found Mr. Tracy's behavior was vexatious and his suit was brought primarily for the purposes of harassment. *USA ex rel Mark Christopher Tracy v. Emigration Improvement District et al*, Case No. 2:14-cv-00701-JNP, ECF 243, 342, United States District Court, District of Utah (February 5, 2019). While the court acknowledges

[4] *Emigration Canyon Home Owners v. Emigration Improvement District*, Case No. 190901675, Third District of Utah (Feb. 25, 2019); *Emigration Canyon Home Owners v. Emigration Improvement District*, Case No. 190904621, Third District of Utah (June 11, 2019); *Mark Christopher Tracy v. Simplifi Company, et al.*, Case No. 200905074, Third District of Utah (Aug. 10, 2020); *Mark Christopher Tracy v. Simplifi Company, et al.*, Case No. 200905123, Third District of Utah (Aug. 10, 2020).

the Simplifi Defendants' frustration with Mr. Tracy and finds it curious that EID is noticeably absent as a named party in this matter, with the information presented, the undersigned cannot find Mr. Tracy's other suit in federal court demonstrates an abusive lengthy history of litigation in this court which would warrant imposition of filing restrictions. *See Blaylock v. Tinner*, 543 F. App'x 834, 836 (10th Cir. 2013) ("[i]njunctions that assist the district court in curbing a litigant's abusive behavior are proper where the litigant's abusive and lengthy history is properly set forth") (internal citations omitted). The court however acknowledges this is a close call. The court also finds issuing an order to show cause unnecessary given the recommendation of a dismissal with prejudice.

**RECOMMENDATION**

As outlined above, the undersigned RECOMMENDS:

(1) Simplifi Defendant's Motion to Dismiss (ECF 6) be GRANTED; and

(2) Defendant Bennion's Motion to Dismiss (ECF 7) be GRANTED and the Complaint be dismissed with prejudice.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 January 2022.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah