UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK CHRISTOPHER TRACY,<br><br>     Plaintiff,<br><br>v.<br><br>SIMPLIFI COMPANY, a Utah Corporation;<br>JENNIFER HAWKES, an individual; ERIC<br>LEE HAWKES, an individual; JEREMY R.<br>COOK, an individual; DAVID M.<br>BENNION, an individual; and DOES 1-46,<br><br>     Defendants. | **MEMORANDUM DECISION AND<br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION**<br><br>Case No. 2:21-cv-00444-RJS-CMR<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are the parties' Objections[1] to Magistrate Judge Cecilia M. Romero's

Report and Recommendation,[2] in which Judge Romero recommends that the Defendants'

Motions to Dismiss[3] be granted but denies Defendants' request for attorneys' fees. For the

reasons stated below, the Objections are overruled, the Report and Recommendation is adopted

in its entirety, the Defendants' Motions to Dismiss are granted, and the Complaint[4] is dismissed

with prejudice.

---

[1] Dkt. 13 (Defendants Cook, Hawkes, Hawkes, and Simplifi's Objection to Report and Recommendation); Dkt. 14 (Defendant Bennion's Objection to Report and Recommendation); Dkt. 15 (Plaintiff Tracy's Objection to Report and Recommendation).

[2] Dkt. 12 (Report and Recommendation).

[3] Dkt. 6 (Motion to Dismiss filed by Defendants Cook, Hawkes, Hawkes, and Simplifi); Dkt. 7 (Motion to Dismiss filed by Defendant Bennion).

[4] Dkt. 2 (Complaint).

## FACTUAL BACKGROUND[5]

The suit is brought by Plaintiff Mark Christopher Tracy, along with his "registered dba entity," the Emigration Canyon Homeowners Association, or ECHO-Association.[6]  Tracy alleges that "from sometime in 2013 to the present day," the Defendants "knowingly conspired to impair a constitutionally protected property right to safe drinking water and thus the use and enjoyment of a private home in Emigration Canyon" which is in Salt Lake County, Utah.[7]

Specifically, Tracy alleges the Defendants act through the Emigration Improvement District (EID), a special service water district created in 1968 by Salt Lake County.[8]  Tracy alleges: (1) that EID contracts with Defendant Simplifi Corporation to perform management and accounting services, (2) Defendant Jennifer Hawkes is a current officer and director of Simplifi, (3) her spouse, Defendant Eric Lee Hawkes, is the current general manager of EID, (4) Defendant Jeremy Cook represents the Hawkes in pending EID-related litigation, and (5) Defendant Bennion "is a religious leader and LDS member" with no direct interest in EID or Simplifi.[9]  Tracy alleges that together, Defendants act "to unlawfully enrich themselves through the operation of a destructive water system and improper billing of fees and costs collected via Salt Lake County tax-foreclosure proceedings against nonmembers of the Church of Jesus Christ of Latter-Day Saints Emigration Canyon Ward."[10]  Tracy specifically alleges the Defendants began wrongfully imposing and collecting a "fire-hydrant rental fee" from Emigration Canyon

---

[5] Because Judge Romero's Report and Recommendation concerns a Motion to Dismiss, the well-pleaded allegations in the Complaint are assumed to be true and viewed in the light most favorable to the non-moving party, Tracy.  *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (citation omitted).

[6] Complaint (Dkt. 1) ¶ 1.

[7] *Id.* at 2 (Introduction).

[8] *Id.* ¶¶ 10–11. Notably, EID is not named as a Defendant in this action.  *See id.* ¶¶ 2–6 (naming Defendants).

[9] *Id.* ¶¶ 3–6.

[10] *Id.* at 2 (Introduction).

residents who are not LDS members, including longtime resident Karen Penske, and also demanded past due payment from Penske.[11]

## PROCEDURAL HISTORY

On July 22, 2021, Tracy filed his Complaint pro se against Simplifi, Jennifer and Eric Lee Hawkes, Cook, and Bennion.[12]  Tracy brings the action under 42 U.S.C. § 1983 and § 1985 on behalf of Karen Penske.[13]  Specifically, the Complaint states that "[f]or good and valuable consideration, Canyon property owner and LDS non-member [Penske] assigned legal right and title to Civil Rights Act claims to [ECHO]."[14]  The Complaint alleges Penske acquired the perfected underground water right 57-8582 to water attained from Emigration Canyon's Twin Creek Aquifer to serve her private home, EID acquired the Boyer Water System[15] and caused contamination in Penske's private well, and Defendants (collectively) began to charge Penske a "fire hydrant rental fee."[16]  The Complaint further alleges that Defendants only certified "delinquent accounts" to the city of Salt Lake, including Penske's, belonging to "LDS Nonmembers."[17]  The Complaint seeks damages against the Defendants "for each payment made by Ms. Penske to include any past and future lien placed on her property by Defendants to include monetary renumeration for economic damage and loss" as well as "punitive damages for malicious and/or reckless conduct" as alleged in the Complaint.[18]

---

[11] *Id.* ¶¶ 34–40.

[12] *See id.* at 1 (Caption).

[13] *Id.*

[14] *Id.* at 2 (Introduction).

[15] Tracy alleges the Boyer Water System has contaminated the aquifer due to the actions of Defendants.  *Id.* ¶¶ 18, 24.

[16] *Id.* ¶¶ 10–46.

[17] *Id.* ¶ 37.

[18] *Id.* at 11 (Request for Relief).

On August 9, 2021, the case was assigned to the undersigned.[19]  On August 11, 2021, the case was referred to Judge Romero pursuant to 28 U.S.C. § 636(b)(1)(B).[20]

On August 27, 2021, Defendants Simplifi, Jennifer Hawkes, Eric Hawkes, and Jeremy Cook (Defendants) filed a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure.[21]  These Defendants argued the Complaint should be dismissed pursuant to Rule 12(b)(1) because Penske's § 1983 and § 1985 claims cannot be assigned, and therefore Tracy lacked standing to bring the suit.[22]  The Defendants further argued the Complaint should be dismissed pursuant to Rule 12(b)(6) because Tracy failed to allege sufficient facts to support his theory of § 1983 and § 1985 claims based on discrimination against LDS nonmembers.[23]  The Defendants additionally sought an award of attorneys' fees pursuant to 42 U.S.C. § 1988,[24] a determination Tracy is a vexatious litigant so that a pre-filing order may be imposed on him,[25] and finally, for a show cause order to issue requiring Tracy to provide the basis for the allegations made in the Complaint.[26]

On September 22, 2021, Defendant Bennion filed his own Motion to Dismiss.[27]  In it, he argued: (1) Tracy lacked standing to bring the claim due to the unassignability of § 1983 and § 1985 claims, (2) the statute of limitations barred Tracy's claims as brought against Bennion, and

---

[19] Dkt. 4 (Docket Text Order).

[20] Dkt. 5 (Docket Text Order Referring Case).  Under 28 U.S.C. § 636(b)(1)(B), the magistrate judge handles all matters in a case up to a Report and Recommendation on a dispositive motion.

[21] Dkt. 6 (Defendants' Motion to Dismiss).

[22] *Id.* at 6–7.

[23] *Id.* at 7–10.

[24] *Id.* at 10–12.

[25] *Id.* at 12.

[26] *Id.* at 13–14.

[27] Dkt. 7 (Defendant Bennion's Motion to Dismiss).

(3) Tracy's claim lacked specific factual allegations concerning Bennion, and thus failed to satisfy pleading standards in Rule 8, Federal Rules of Civil Procedure.[28]  Bennion also incorporated by reference the arguments for dismissal in the Defendants' Motion.[29]

On September 24, 2021, Tracy filed a Memorandum in Opposition to the Motions to Dismiss, arguing he had standing to bring Penske's § 1983 and § 1985 claims or in the alternative, "should be granted leave to assert impairment of his own constitutionally protected property right."  Tracy further argued the action was timely and the claims were sufficiently pleaded.[30]  On October 7 and 8, 2021, the Defendants and Defendant Bennion each filed a Reply in support of their Motions to Dismiss.[31]

On January 19, 2022, Judge Romero issued a Report and Recommendation (the Report), recommending the Motion to Dismiss be granted pursuant to Rule 12(b)(1).[32]  Because Judge Romero found the Rule 12(b)(1) argument dispositive, she did not consider the Defendants' Rule 12(b)(6) arguments.[33]  She also determined an award of attorneys' fees was not warranted, and did not recommend imposing a pre-filing restriction or issuing a show-cause order.[34]

On February 2, 2022, the parties filed three Objections to the Report.[35]  The court turns to the parties' arguments.

---

[28] *Id.* at 1 (summarizing argument).

[29] *Id.* at 1–2.

[30] Dkt. 8 (Memorandum in Opposition to Motion to Dismiss).

[31] Dkt. 9 (Defendants' Reply in Support of Motion to Dismiss); Dkt. 10 (Defendant Bennion's Reply in Support of Motion to Dismiss).

[32] Dkt. 12 (Report and Recommendation).

[33] *Id.* at 3.

[34] *Id.* at 9–10.

[35] Dkt. 13 (Defendants' Objection to Report and Recommendation); Dkt. 14 (Defendant Bennion's Objection to Report and Recommendation); Dkt. 15 (Plaintiff Tracy's Objection to Report and Recommendation).

## LEGAL STANDARDS

Tracy proceeds pro se.  While the court "liberally construe[s] pro se pleadings," "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[36]

The applicable standard of review in considering objections to a magistrate judge's report and recommendation depends on whether a party lodges an objection to it.[37]  When assessing unobjected-to portions of a report and recommendation, the Supreme Court has suggested no further review by the district court is required, but neither is it precluded.[38]  This court generally reviews unobjected-to portions of a report and recommendation for clear error.[39]

However, Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations."[40]  In those instances, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[41]  To qualify as a proper objection that triggers de novo review, the

---

[36] *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[37] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[38] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *id.* at 153–54 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard").

[39] *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. 72(b) Advisory Committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[40] Fed R. Civ. P. 72(b).

[41] *Id.* 72(b)(3); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citations omitted).

objection must be both timely—that is, made within fourteen days—and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute."[42] Thus, de novo review is not required where a party advances objections to a magistrate judge's disposition that are either indecipherable or overly general.[43]

A defendant may move to dismiss a complaint under Rule 12(b)(1) on the ground that the court lacks subject matter jurisdiction.[44] Motions to dismiss for lack of subject matter jurisdiction take two forms: facial and factual.[45] Defendants' Motions constitute a facial challenge. A facial attack on subject matter jurisdiction challenges the sufficiency of the allegations in the complaint, accepting as true the allegations therein.[46]

A plaintiff bears the burden of establishing subject matter jurisdiction.[47] The subject matter jurisdiction of federal courts is limited to cases in which the plaintiff can demonstrate he or she has met the case or controversy requirement of Article III, namely, that: "(1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision."[48] These three elements of Article III standing—injury, causation, and redressability—are

---

[42] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[43] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.") (citation omitted); *see also Moore v. Astrue*, 491 F. App'x 921, 922 (10th Cir. 2012) (upholding district court's clear error review of magistrate judge's report and recommendation because Plaintiffs objected only "generally to every finding" in the report).

[44] Fed. R. Civ. P. 12(b)(1).

[45] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent Green Co. v. United States*, 531 U.S. 425, 437 (2001).

[46] *Id.* (citation omitted).

[47] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[48] *Winsness v. Yocom*, 433 F.3d 727, 731–32 (10th Cir. 2006) (citation omitted).

necessary for the court to exercise subject matter jurisdiction.[49]  To demonstrate injury, a plaintiff must show they have a personal stake in the outcome of the case.[50]

## ANALYSIS

As a threshold issue, all three Objections are timely because they were each filed on February 2, 2022, within fourteen days of the Report.[51]  The court considers each Objection in turn.

### I.   Tracy's Objection to Judge Romero's Report is Overruled

For the reasons explained below, Tracy's Objection to the Report is overruled.  First, the court summarizes Judge Romero's analysis of the parties' Rule 12(b)(1) arguments before turning to Tracy's objection.

In the Report, Judge Romero explained that while "[a] plaintiff is generally required to assert his own legal rights and interests, and not those of third parties,"[52] "an assignee may satisfy the case and controversy requirement through a valid assignment."[53]  Judge Romero then determined that claims brought under 42 U.S.C. §§ 1983 and 1985 are not assignable, and accordingly recommended dismissing the Complaint for lack of subject matter jurisdiction.  As to § 1983 claims, Judge Romero noted this court previously decided in *American Charities for Reasonable Fundraising Regulation, Inc. v. O'Bannon* that § 1983 claims are not assignable under Utah law.[54]  That case explained that under Supreme Court precedent and federal law, because § 1983 provides no guidance on whether an individual may transfer the right to sue,

---

[49] *Schutz v. Thorne*, 415 F.3d 1128, 1133 (10th Cir. 2005).

[50] *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted).

[51] *See* Defendants' Objection; Defendant Bennion's Objection; Tracy's Objection.

[52] Report (Dkt. 12) at 5 (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

[53] *Id.* (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008)).

[54] *Id.* at 5 (citing No. 2:08-cv-875, 2016 WL 4775527, at *6 (D. Utah Sept. 13, 2016).

courts must look to state law to determine whether such a claim can be assigned.[55]  Because §

1983 claims are characterized as personal injury torts,[56] and under Utah law, such personal injury

tort claims cannot be assigned, § 1983 claims cannot be assigned.[57]  The *American Charities*

court observed that this result accords with the purpose of § 1983, which is to allow individuals

to assert their own civil rights, a purpose that is not met by assigning those rights to disinterested

third parties.[58]  Guided by *American Charities*, Judge Romero determined that Penske could not

assign her to § 1983 claim to Tracy, a disinterested third party.[59]  Judge Romero further observed

that Tracy's argument in Opposition that *American Charities* had been abrogated by a later Tenth

Circuit decision was incorrect, because the Tenth Circuit dismissed the appeal as moot based on

a change in the underlying Utah law in the dispute but did not overturn or even address the

analysis concerning § 1983.[60]  As to the § 1985 claims, Judge Romero found that because "courts

in this district" have also characterized § 1985 claims as personal injury claims, under the same

logic, those claims also may not be assigned in Utah because Utah law forbids the assignment of

personal injury claims.[61]

     First, the court determines whether Tracy's objection is specific enough to trigger de

novo review of any section of the Report.  Most of Tracy's Objection is spent enumerating the

general facts of the case, including a history of the water rights in Emigration Canyon.[62]

---

[55] 2016 WL 4775527, at *5 n.57 (citing *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); 42 U.S.C. § 1988(a)).

[56] *Id.* (citing *Wilson*, 471 at 280).

[57] *Id.* at *6 (citing *State Farm Mut. Ins Co. v. Farmers Ins. Exch.*, 450 P.2d 458, 459 (Utah 1969)).

[58] *Id.*

[59] Report (Dkt. 12) at 5.

[60] *Id.* at 5 n.2 (citing *American Charities for Reasonable Fundraising Regulation, Inc. v. O'Bannon*, 909 F.3d 329 (10th Cir. 2019)).

[61] *Id.* at 7 (citing *Desai v. Garfield Cty. Gov't*, No. 2:17-cv-00024-JNP-EJF, 2018 WL 1627205, at *3 (D. Utah Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1626521 (D. Utah Mar. 30, 2018)).

[62] *See* Tracy's Objection (Dkt. 15) at 1–7.

However, he does lodge a specific objection to Judge Romero's determination that under a previous decision of this court, § 1983 and § 1985 claims are not assignable in Utah.[63] Specifically, Tracy contends that the decision was "vacated," and that under the Supreme Court's decision in *Wilson v. Garcia*, "the present case specially address a constitutional right to the use and enjoyment of private property in the form of a senior perfected water right and should be evaluated as such when deciding if the assignment of statutory federal civil right must be determined by state law."[64]   Accordingly, the court will determine de novo whether § 1983 and § 1985 claims are assignable.

As to § 1983 claims, Judge Romero correctly determined that such claims are not assignable.  Judge Romero was correct that the later Tenth Circuit decision vacating an appeal of *American Charities* did not address or overturn the analysis of assignability.  Rather, that later decision recognized that a change in Utah law concerning charitable organizations rendered the appeal moot.[65]  The Tenth Circuit did not address the lower court's analysis of assignability.[66]

Additionally, *Wilson v. Garcia* does not change this analysis, as Tracy contends.  In fact, *Wilson v. Garcia* was superseded by a statute,[67] which recognizes "in all cases where [the federal laws] are not adapted to the [goal of protecting all persons in the United States in their civil rights], or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as

---

[63] *Id.* at 7–10.

[64] *Id.* at 8–9 (citing *Wilson*, 471 U.S. at 267).

[65] *American Charities*, 909 F.3d at 331–32 (explaining appeal was rendered moot by change in Utah law).

[66] *See id.*

[67] *See Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 380–81 (2004) (recognizing abrogation of *Wilson* by statute).

the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause."[68]  Accordingly, when a federal statute is silent on the assignability of claims, as § 1983 is, the court must determine whether such a claim would be assignable in the state where it sits.[69]  Because § 1983 claims are characterized as personal injury torts, and such claims are not assignable under Utah law, § 1983 claims are not assignable.[70]

For the same reason, Judge Romero was correct that § 1985 claims are not assignable. The Tenth Circuit has recognized that § 1985 claims are treated as personal-injury claims, and accordingly, the state law of personal injury has been applied to § 1985 claims to determine issues including the applicable statute of limitations.[71]  Therefore, such claims would also not be assignable under Utah law as Utah law prohibits the assignment of personal injury claims.[72]

Accordingly, the court agrees with Judge Romero's determination that both § 1983 claims and § 1985 claims are not assignable under Utah law, and accordingly, Tracy lacks standing to bring the suit.  Judge Romero correctly determined that, having failed to demonstrate standing, Tracy's Complaint must be dismissed pursuant to Rule 12(b)(1).[73]

Finally, the court must determine whether dismissal is with or without prejudice.  Judge Romero's report determined that amendment would be futile in light of the unassignability of §

---

[68] 42 U.S.C. § 1988(a); see also American Charities, 2016 WL 4775527, at *5 n.57 (citing *Wilson*, 471 U.S. at 267; 42 U.S.C. § 1988(a)).

[69] *American Charities*, 2016 WL 4775527, at *6.

[70] *Id.*

[71] *Lyons v. Kyner*, 367 F. App'x 878, 881–82 (10th Cir. 2010) (unpublished) (collecting cases); *see also Buck v. Utah Labor Com'n*, 73 Fed. App'x 345, 348 (10th Cir. 2003) (unpublished) (upholding district court's application of Utah's statute of limitations to § 1983 and § 1985 claims).

[72] *See American Charities*, 2016 WL 4775527, at *6.

[73] Judge Romero did not reach the Defendants' Rule 12(b)(6) arguments because the 12(b)(1) arguments were dispositive.  The court agrees with Judge Romero's determination, and accordingly does not reach the Defendants' Rule 12(b)(6) arguments.

1983 and § 1985 claims, and that dismissal should be with prejudice.[74]  Tracy did not lodge a specific objection to this section of Report, only generally stating he "should be granted leave to assert his own constitutionally protected water right."[75]  Because objections that are overly general are not sufficient to trigger de novo review,[76] and Tracy does not address Judge Romero's analysis as to why amendment would be futile, this section of the Report is reviewed only for clear error.  Finding no clear error in Judge Romero's determination,[77] the court concurs and dismisses Tracy's Complaint with prejudice.

## II. Defendants' Objections to Judge Romero's Report are Overruled

For the reasons explained below, Defendants' Objections to the Report are overruled. First, the court summarizes Judge Romero's recommendations concerning attorneys' fees and a show-cause order before turning to Defendants' Objections.

Judge Romero explained that under Tenth Circuit precedent, "[r]arely will a case be sufficiently frivolous to justify imposing attorneys' fees on the plaintiff,"[78] the purpose of awarding fees is to "deter a plaintiff from filing patently frivolous and groundless suits," and that this case was not sufficiently frivolous to support an award of attorneys' fees.[79]  As to filing restrictions, Judge Romero took judicial notice of six other lawsuits Tracy has filed against Defendants associated with EID or Simplifi, including one in federal court,[80] but explained that

---

[74] Report (Dkt. 12) at 7–8.

[75] Tracy's Objection (Dkt. 15) at 10 (citing Complaint ¶ 29).

[76] *One Parcel of Real Prop.*, 73 F.3d at 1060.

[77] *See* Report (Dkt. 12) at 8 (noting the Complaint contains no supporting facts suggesting Tracy has standing to assert a claim on his own, and that the Complaint is based on asserting the assignability of Penske's rights).

[78] *Id.* at 9 (citing *Thorpe v. Ancell*, 367 F. App'x 914, 924 (10th Cir. 2010) (quoting *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995)).

[79] *Id.*

[80] *Id.* at 9–10.

one other suit filed in federal court did not "demonstrate[] an abusive lengthy history of litigation in this court which would warrant imposition of filing restrictions."[81]  Finally, Judge Romero concluded that issuing a show-case order was unnecessary given the recommendation of dismissal with prejudice.[82]

Defendants Simplifi, Jennifer Hawkes, Eric Hawkes, and Cook object first to Judge Romero's determination an award of attorneys' fees is not merited,[83] and second to her determination a show-cause order is not necessary following dismissal of Tracy's Complaint with prejudice.[84]  As to the first objection concerning attorneys' fees, Defendants contend that "it is hard to imagine a more frivolous and unreasonable case," especially since most of the allegations in the Complaint concern the EID, but the EID is not named as a Defendant.[85] Defendants emphasize that Tracy has been found a vexatious litigant in Utah state court and that the claims concerning religious discrimination had "absolutely no factual support" to argue attorneys' fees are merited.[86]  In short, the Defendants argue that Judge Romero's application of the law of attorneys' fees to the facts of this case was not correct, but do not disagree with her characterization of the relevant law.  The court will review this objection de novo.

As to the second objection, Defendants argue that because Judge Jill Parrish of this court cautioned Tracy in a related case he "began taking liberty with facts," and that certain facts in

---

[81] *Id.* at 10 (citing *Blaylock v. Tinner*, 543 F. App'x 834, 836 (10th Cir. 2013)).

[82] *Id.*

[83] Defendant Bennion joins in this first objection alone and incorporates the other Defendants' argument by reference.  *See* Bennion's Objection (Dkt. 14) at 1–2.

[84] *See* Defendants' Objection (Dkt. 13).  Defendants do not object to Judge Romero's determination that Tracy's Complaint should be dismissed with prejudice, *id.* at 1, nor do they object to her determination that Tracy should not be found to be a vexatious litigant in federal court, *id.* at 1–2 ("Defendants object to the recommendation that attorney's fees should not be awarded to Defendants, and that an Order to Show Cause is unnecessary given the recommendation of dismissal.").

[85] *Id.* at 2.

[86] *Id.* at 3.

this Complaint were untrue, a show-cause order is necessary to deter Tracy from continuing to file lawsuits.[87]   Again, the Defendants do not disagree with Judge Romero's explication of the relevant law, but rather, her application of the law to this case's facts.  The court will also review this objection de novo.

As to the first objection, Defendants claim Judge Romero said the attorneys' fees issue was a "close call,"[88] however, Judge Romero made this observation in connection to her recommendation to not to impose filing restrictions, a section of the Report to which Defendants did not object.[89]   The court agrees with Judge Romero that an award of attorneys' fees is not justified in this case.

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party" to seek an award of attorney's fees.[90]   While this provision is applied "liberally" to prevailing plaintiffs, prevailing defendants may not be awarded attorneys' fees unless the court determines the claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."[91]   A frivolous suit is "based on an indisputably meritless legal theory" or one whose "factual contentions are clearly baseless."[92]   Judge Romero correctly observed it is the rare case in which imposing attorneys' fees is justified, and that the purpose for imposing attorneys' fees against plaintiffs in § 1983 cases is to deter baseless filings in the

---

[87] *Id*. at 4–5.  Defendants also state that Tracy "has consistently taken the position he has no assets to satisfy the current attorneys' fee judgments against him," and imply that a show-cause order is necessary to deter him since awards of attorney's fees have not done so in the past.  See id.

[88] *Id.* at 2.

[89] Report (Dkt. 12) at 10.

[90] 42 U.S.C. § 1988(b).

[91] *Thorpe v. Ancell*, 367 F. App'x 914, 919 (10th Cir. 2010) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978)).

[92] *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

future.[93]  Indeed, the Supreme Court has cautioned that in determining whether a claim is frivolous, unreasonable, or groundless, courts must avoid "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."[94]

Here, Tracy's Complaint focused on Penske's grievances with the EID and Simplifi, including fees assessed against her, collection proceedings, and the contamination of her personal well.  Tracy's legal theory was that Penske could assign § 1983 and § 1985 claims arising out of these alleged facts to him.  While the court determined that those claims are not assignable, that determination required an analysis of binding precedent concerning § 1985 claims as applied to the law of assignability under Utah law, an issue not yet determined by this court.  Accordingly, while Tracy's claims ultimately fail, the claims were not "indisputably meritless" at the time they were brought.  Moreover, the Defendants have not shown that the factual contentions concerning Penske's well and fees assessed against her are "clearly baseless." While the court agrees with Judge Romero it is "curious" EID was not named as a Defendant in this suit, because the Supreme Court cautions against "post hoc" reasoning and awards of attorneys' fees are the exception, and not the rule,[95] the court agrees with Judge Romero an award of attorneys' fees is not merited.

As to the second objection, the court first notes Judge Romero's analysis of this issue is quite brief, stating without citation to law that because the court recommends dismissal with

---

[93] Report (Dkt. 12) at 10 (citing *Thorpe*, 367 F. App'x at 920).

[94] *Christiansburg*, 434 U.S. at 421–22.

[95] See *Kornfeld v. Kornfeld*, 393 F. App'x 575, 578 (10th Cir. 2010) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 243 (2010) (noting that under the "bedrock principle known as the 'American Rule,'" "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.")).

prejudice, an order to show cause is unnecessary.[96]  Similarly, Defendants do not provide any citations to law in objecting to this conclusion, but instead assert that based on the Tracy's past litigation history, a show-cause order is necessary to deter him from baseless future filings.

Under Rule 11, a party certifies that by presenting any filing to the court, the "legal contentions are warranted by existing law," "the factual contentions have evidentiary support" or will likely have evidentiary support after further investigation, and the filing is not presented for an "improper purpose," such as to harass.[97]  A party may motion for sanctions to be imposed under Rule 11, but such a motion must be filed separately from any other motion and specifically describe the conduct at issue.[98]  The defendants have not filed a separate Rule 11 motion.[99]  The parties instead ask the court to exercise its own inherent authority under the Rule to issue a show-cause order to Tracy as to why conduct in the suit has not violated Rule 11(b).[100]

While the court would have jurisdiction to issue a show-cause order following a dismissal with prejudice,[101] the court declines to issue a show-cause order in these circumstances.  In declining to issue such an order, the court notes as discussed above, Defendants have not demonstrated the claims in this case were "entirely meritless" or the facts asserted had no basis. Additionally, this case was resolved on the pleadings without "substantially burden[ing]" the

---

[96] Report (Dkt. 12) at 10.

[97] Fed. R. Civ. P. 11.

[98] *Id.* 11(c)(2).

[99] *See* Defendants' Motion to Dismiss (Dkt. 6) at 13–14 (asking the court to issue an Order to Show Cause).

[100] Fed. R. Civ. P. 11(b)(3).

[101] *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990) (holding a court may enforce Rule 11 after voluntary dismissal and observing: "It is well established that a federal court may consider collateral issues after an action is no longer pending.").

16

court.[102]  Accordingly, the court agrees with Judge Romero that issuing a show-cause order is not necessary.

### III.    The Report and Recommendation is Adopted

Finding no clear error in the remainder of the Report, the court adopts it in its entirety, and accordingly grants the Motions to Dismiss, dismisses Tracy's Complaint with prejudice, and declines to impose attorneys' fees, determine that Tracy is a vexatious litigant, or issue an order to show cause.

### CONCLUSION

For the reasons stated above, the Parties' Objections[103] are OVERRULED, the Report and Recommendation[104] is ADOPTED in its entirety, the Motions to Dismiss[105] are GRANTED, and the Complaint[106] is DISMISSED WITH PREJUDICE.  The clerk of court is directed to close the case.

SO ORDERED this 24th day of March, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[102] *See Dodds Ins. Servs. Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1158–59 (10th Cir. 1991).

[103] Dkt. 13; Dkt. 14; Dkt. 15.

[104] Dkt. 12.

[105] Dkt. 6; Dkt. 7.

[106] Dkt. 1.